UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:23-MC-61480-DIMITROULEAS/AUGUSTIN-BIRCH

**TRAFIGURA TRADING LLC,**

    **Plaintiff,**

v.

**VIRGIN ISLANDS WATER
AND POWER AUTHORITY,**

    **Defendant.**

_____/

**REPORT AND RECOMMENDATION ON DEFENDANT'S EMERGENCY
MOTION TO DISSOLVE WRIT OF GARNISHMENT ON DEFENDANT'S
ACCOUNTS LOCATED IN THE VIRGIN ISLANDS WITH FIRSTBANK**

The Honorable William P. Dimitrouleas, United States District Judge, referred this case to the Undersigned United States Magistrate Judge for a report and recommendation on any dispositive matter. DE 8. The case now comes before the Court on Defendant Virgin Islands Water and Power Authority's Emergency Motion to Dissolve Writ of Garnishment on Defendant's Accounts Located in the Virgin Islands with FirstBank. DE 13. Plaintiff Trafigura Trading LLC filed a Response to the Motion, and Defendant filed a Reply. DE 15; DE 16. The Court has carefully considered the parties' briefing and the record and is otherwise fully advised in the premises. For the reasons set forth below, the Court recommends that Defendant's Motion [DE 13] be **GRANTED IN PART AND DENIED IN PART** and that the Writ of Garnishment directed to FirstBank Puerto Rico [DE 11] be **DISSOLVED**.

**I.      Procedural Background**

In 2017, the parties signed a consent judgment to resolve a lawsuit that was pending in the Virgin Islands. DE 1 at 2. The consent judgment is in favor of Plaintiff and against Defendant in

the amount of $24,469,775.17. *Id.* Plaintiff subsequently registered the consent judgment in the Southern District of Florida. *Id.* at 1.

More recently, Plaintiff moved for writs of garnishment on Defendant's accounts at FirstBank Puerto Rico ("FirstBank") and Popular Bank. DE 4; DE 5; DE 9. The Court granted Plaintiff's motion and issued the requested writs of garnishment. DE 10; DE 11; DE 12. Defendant now moves the Court to dissolve the writ of garnishment directed to FirstBank. DE 13. Defendant does not seek relief as to the writ of garnishment directed to Popular Bank.

## II. Florida's Garnishment Statutes

Garnishment actions in federal court are governed by the law of the state where the federal court is located. Fed. R. Civ. P. 64(a), 69(a)(1); *Branch Banking & Tr. Co. v. Hamilton Greens, LLC*, No. 11-80507-CIV, 2015 WL 5257668, at *3 (S.D. Fla. Sept. 8, 2015) ("Actions for garnishment in federal court are governed by applicable state law."). In Florida, a plaintiff who has obtained a judgment against a defendant may obtain a writ of garnishment by filing a motion that states the amount of the judgment. Fla. Stat. § 77.03; *see id.* § 77.01 (stating that a "person or entity who has sued to recover a debt or has recovered a judgment in any court against any person or entity has a right to a writ of garnishment"). After the writ of garnishment is served on the garnishee, the garnishee is liable "for all debts due by him or her to defendant and for any tangible or intangible personal property of defendant in the garnishee's possession or control at the time of the service of the writ or at any time between the service and the time of the garnishee's answer."[1]

---

[1] In addition to serving the garnishee, the plaintiff must mail copies of the writ of garnishment and the motion for the writ of garnishment "to the defendant's last known address within 5 business days after the writ is issued or 3 business days after the writ is served on the garnishee, whichever is later." Fla. Stat. § 77.041(2). "The plaintiff shall file in the proceeding a certificate of such service." *Id.* Defendant argues in its Reply that Plaintiff did not comply with § 77.041(2) by serving Defendant and filing a certificate of service, and the Court notes that no certificate of service appears in the record. However, as Defendant raised the service issue for the first time in its Reply, the Court does not recommend granting relief on this basis. *See, e.g.*, *In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009) (stating that arguments raised for the first time in a reply brief are deemed waived); *Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005) (admonishing that arguments raised for the first time in a reply brief are not properly before the reviewing court).

*Id.* § 77.06(1). "Service of the writ creates a lien in or upon any such debts or property at the time of service or at the time such debts or property come into the garnishee's possession or control." *Id.* Thereafter, the defendant may move to dissolve the writ of garnishment. *Id.* § 77.07.

### III.   Analysis

Defendant contends that its accounts at FirstBank are "located in" the Virgin Islands. Defendant provides a document showing the opening of an account at FirstBank Virgin Islands, a division of FirstBank. DE 13-1 at 8–9. Defendant also provides a declaration by Lorraine Kelly, Defendant's Chief Financial Officer, stating that Defendant "does not maintain FirstBank accounts in Florida" and "only maintains bank accounts with Virgin Islands branches of FirstBank." *Id.* at 2, 4. The declaration further states that the prefix digits on the account numbers for Defendant's accounts with FirstBank demonstrate that the accounts were opened at FirstBank's Virgin Islands branches, Defendant deposits funds into the accounts only at FirstBank's Virgin Islands branches, Defendant's representatives physically visit only FirstBank's Virgin Islands branches to conduct business, and Defendant's representatives contact bank employees only at FirstBank's Virgin Islands branches for banking support. *Id.* at 5–6. Plaintiff has not countered this evidence with evidence that Defendant conducts business at any FirstBank branch outside of the Virgin Islands.

Defendant argues that, because the location or "situs" of its FirstBank accounts is in the Virgin Islands and not in Florida, this Court lacks jurisdiction to issue a writ to garnish the FirstBank accounts. Plaintiff contends that this argument is incorrect under the law. Plaintiff challenges both (1) the proposition that this Court lacks jurisdiction to issue a writ to garnish property located outside of Florida, and (2) the proposition that Defendant's FirstBank accounts are considered located outside of Florida. The Court examines each proposition.

### A. Jurisdiction to Issue a Writ of Garnishment

A garnishment proceeding "is not an action in personam, nor is it, strictly speaking, a proceeding in rem"; "it is frequently classified as a proceeding quasi-in-rem." *U.S. Rubber Co. v. Poage*, 297 F.2d 670, 673 (5th Cir. 1962); *see also Morris W. Haft & Bros. v. Wells*, 93 F.2d 991, 993 (10th Cir. 1937) ("A statutory proceeding in garnishment strictly speaking is not a proceeding in rem. It partakes both of the nature of a proceeding in personam and a proceeding in rem and may be classified as a proceeding quasi in rem."). Florida's garnishment statutes do not expressly limit their reach to property located in Florida. *Skulas v. Loiselle*, No. 09-60096-CIV, 2010 WL 1790439, at *2 (S.D. Fla. Apr. 9, 2010) (stating that Florida's garnishment statutes contain "no express territorial limitation on the location of the property within the garnishee's possession or control"), *report & recommendation adopted*, 2010 WL 1790433 (S.D. Fla. May 5, 2010). But "nothing in the language of the Florida garnishment statutes suggests that they were intended to have extraterritorial application." *Stansell v. Revolutionary Armed Forces of Colom.* ("*Stansell I*"), 149 F. Supp. 3d 1337, 1340 (M.D. Fla. 2015).

Under Florida law, a court presiding over an in-rem or quasi-in-rem proceeding must have jurisdiction over the property at issue in that the property must be physically located in the court's territorial jurisdiction. *E.g., State ex. rel. Fla. Bank & Tr. Co. v. White*, 21 So. 2d 213, 215 (Fla. 1944) ("A court has no jurisdiction to adjudicate the right of action in the rem when the property in controversy is without the limits of the court's jurisdiction and its process cannot reach the locus in quo."); *Burns v. State, Dep't of Legal Affs.*, 147 So. 3d 95, 97 (Fla. 5th Dist. Ct. App. 2014) ("Florida courts do not have in rem or quasi in rem jurisdiction over foreign property." (quotation marks omitted)); *Tueta v. Rodriguez*, 176 So. 2d 550, 552 (Fla. 2d Dist. Ct. App. 1965) ("A court may not proceed in-rem or quasi-in-rem when the subject matter of the action is not within the territorial jurisdiction of the court."); *see also Power Rental Op Co, LLC v. Virgin Is. Water &*

4

*Power Auth.*, No. 3:20-cv-1015, 2021 WL 9881137, at *7 (M.D. Fla. July 6, 2021) (stating that "the dominant view reflected in jurisprudence of Florida state courts is that a court may not proceed in-rem or quasi-in-rem when the subject matter of the action is not within the territorial jurisdiction of the court" (alteration and quotation marks omitted)); *Stansell I*, 149 F. Supp. 3d at 1339 (examining Florida law and explaining that "courts sitting in this state have held that a court presiding over a writ of garnishment must not only have personal jurisdiction over the garnishee, but also jurisdiction over the property or 'res' that is the subject of the writ of garnishment"); *Ctr. Cap. Corp. v. Gulfstream Crane, LLC*, No. 09-61021-CIV, 2009 WL 4909430, at *6–7 (S.D. Fla. Nov. 25, 2009) (examining Florida law and stating that a court presiding over an in-rem action must actually possess in-rem jurisdiction over the subject property, meaning that the property must be physically located in the court's jurisdiction).

      The requirement that a court presiding over an in-rem or quasi-in-rem proceeding have jurisdiction over the property at issue applies equally when the property is a bank account. *Power Rental Op Co*, 2021 WL 9881137, at *8 ("Under the Florida garnishment statute, trial courts must have *in rem* jurisdiction over bank accounts to garnish them."); *Stansell I*, 149 F. Supp. 3d at 1341 ("[N]othing in the language or structure of the Florida garnishment statutes demonstrates that they were intended to apply to bank accounts located outside the state of Florida."); *APR Energy, LLC v. Pak. Power Res., LLC*, No. 3:08-cv-961, 2009 WL 425975, at *2 (M.D. Fla. Feb. 20, 2009) ("Accordingly, not only must the Court have personal jurisdiction over Garnishee, but it must also have jurisdiction over the property to be garnished, in this case, the bank account."); *Burns*, 147 So. 3d at 97 ("In this case, because the bank accounts are located in foreign jurisdictions, the trial court does not have jurisdiction over the property in the forfeiture proceeding.").

Consistent with Florida caselaw, the Court concludes that Defendant's FirstBank accounts must be located in Florida for this Court to have jurisdiction to issue a writ to garnish them. The Court therefore proceeds to evaluate where Defendant's FirstBank accounts are located.

### B. The Location of Defendant's FirstBank Accounts

Courts have examined where a bank account is considered located under Florida law in the era of online and electronic banking. *E.g., Stansell v. Revolutionary Armed Forces of Colom.* ("*Stansell II*"), No. 19-20896, 2019 WL 5291044, at *7 (S.D. Fla. Aug. 21, 2019) (stating that "modern banking is mostly performed online, with customers having worldwide access to electronic accounts, maintained by large financial institutions without the need to hold such 'funds' at a fixed situs"), *report & recommendation adopted*, 2019 WL 5290922 (S.D. Fla. Sept. 26, 2019). Although an account's funds may be available online and worldwide, for the purpose of exercising jurisdiction, the account is not located worldwide or even located everywhere that the bank at issue has branches. *Osio v. Moros*, No. 21-20706-CIV, 2025 WL 1031904, at *5 (S.D. Fla. Jan. 27, 2025) ("Indeed, numerous federal courts in Florida have held that extraterritorial bank accounts are outside of their jurisdictional reach, even where the relevant banks operated branches in Florida."), *report & recommendation adopted*, 2025 WL 1025193 (S.D. Fla. Apr. 7, 2025); *Power Rental Op Co*, 2021 WL 9881137, at *7 (explaining that "this Court's decisions reflect that a bank account has a particular situs and does not exist everywhere that a bank has branches"); *id.* at *8 ("While true that given their intangible nature and modern banking practices, bank accounts may have more than one situs for garnishment purposes, they are not located everywhere that a garnishee bank has a branch." (citations omitted)).

For jurisdictional purposes, a bank account may be considered located at the bank branch where the account is held. *Stansell I*, 149 F. Supp. 3d at 1338–39, 1342 (concluding that a federal court in Florida lacked jurisdiction to issue writs to garnish funds in bank accounts held at New

6

York branches of international banking institutions). Deposit slips and documents related to an account's opening, among other information, may show the account's location. *Stansell II*, 2019 WL 5291044, at *7 ("Movants could have provided deposit slips, documents related to each account's opening, or other information showing that the accounts are 'located' in a different state."). The party seeking a writ of garnishment "has the burden of presenting *prima facie* evidence demonstrating that the relevant bank accounts are located within the Court's jurisdiction." *Power Rental Op Co*, 2021 WL 9881137, at *8.

Specifically with respect to the Defendant in this case, a Court in the Middle District of Florida concluded only a few years ago that evidence demonstrated that Defendant opened, accessed, and maintained its FirstBank accounts outside of Florida. *Id.* at *9 ("Here, OpCo has failed to demonstrate that WAPA has bank accounts in Florida. OpCo has shown no Florida connection to WAPA's FirstBank and Banco Popular accounts. . . . In addition, FirstBank, Banco Popular, and WAPA's filings all indicate that WAPA never opened, maintained, or accessed accounts at FirstBank or Banco Popular in Florida."). The court concluded that it did "not have *in rem* jurisdiction over WAPA's accounts at FirstBank" and granted Defendant's motion to dissolve writs of garnishment. *Id.*

Here, as already stated, Defendant has presented evidence showing that it opened its FirstBank accounts, deposits funds into those accounts, and conducts business with respect to those accounts only at FirstBank's Virgin Islands branches. DE 13-1 at 2, 4–6, 8–9. Plaintiff has presented no contrary evidence to satisfy its burden to demonstrate that Defendant's FirstBank accounts have any Florida connection. *See Power Rental Op Co*, 2021 WL 9881137, at *8 (placing the burden on the party seeking a writ to garnish a bank account to present prima facie evidence that the account is located in the court's jurisdiction). On the record before it, the Court concludes that Defendant's FirstBank accounts are not located in Florida.

7

Plaintiff relies on two Florida cases to support its position that this Court has jurisdiction to issue a writ to garnish Defendant's FirstBank accounts. *See* DE 15 at 9. First, Plaintiff cites *Stansell II*, a garnishment action where, without providing analysis, the court concluded that it had subject matter jurisdiction "[r]egardless of the [bank] accounts' locations." 2019 WL 5290922, at *1. To support this conclusion, the court cited a single case—*Tribie v. United Development Group International LLC*—which is the second Florida case on which Plaintiff relies. *Id.*

*Tribie* was a garnishment action in which the garnishee moved to quash service of a writ of garnishment or alternatively to dissolve the writ, arguing that service was improper because the plaintiff "failed to serve process on the [garnishee's] main office, or in a branch holding [the judgment debtor's] funds." No. 07-22135-CIV, 2008 WL 5120769, at *3 (S.D. Fla. Dec. 2, 2008). The garnishee asserted that it had no retail banking operations in Florida, that it only had a registered agent in Florida for service of process, and that the judgment debtor had no open accounts with the garnishee in Florida or any other location. *Id.* at *2–3. The court stated that, to support its motion, the garnishee "point[ed] to the so-called 'Separate Entity' Rule," which the court described as "a somewhat dated and seldom-cited legal doctrine, hold[ing] that each branch of a bank is a separate legal entity in the context of a garnishment action, and is in no way connected with accounts maintained by depositors at other branches, or at the home office." *Id.* at *3. The court stated that the garnishee conceded Florida had not adopted the Separate Entity Rule and further stated that "the Separate Entity Rule *is not* the law in Florida." *Id.* The court ruled that, because the garnishee had a registered agent in Florida for service and was served, the garnishee was obligated to answer the writ of garnishment. *Id.* at *3–4.

The court in *Tribie* was resolving a dispute over the sufficiency of service of process, not over the existence of jurisdiction, and therefore *Tribie* is not on point. Moreover, to the extent that *Tribie* might be read as indicating that a bank account should be considered located everywhere

8

that the bank maintains a branch, the United States District Judge who ruled in *Tribie* ruled differently in a later case. *See Codeventures, LLC v. Vital Motion Inc.*, No. 20-21574-CIV, 2021 WL 3742059, at *4 (S.D. Fla. Aug. 23. 2021) ("Thus, based on the authorities cited and the arguments made by the parties, Vital's motion to dissolve the writ of garnishment is granted because Vital's three Bank of America accounts are located in South Carolina, outside of the reach of Florida's writ of garnishment statute."). The *Codeventures* decision is in line with caselaw on the issue of in-rem and quasi-in-rem jurisdiction over bank accounts that is more recent than *Tribie*, such as the *Stansell I* and *Power Rental Op Co* cases cited above.

Thus, the two Florida cases on which Plaintiff relies are unpersuasive to show that this Court has jurisdiction to issue a writ to garnish Defendant's FirstBank accounts. Plaintiff also relies on various cases from outside of Florida to argue that this Court has jurisdiction. *See* DE 15 at 8–11. Those cases are unpersuasive because they were not applying Florida law. Applying Florida law as this Court must, *see* Fed. R. Civ. P. 64(a), 69(a)(1), the Court concludes that it lacks jurisdiction to issue a writ to garnish Defendant's FirstBank accounts because those accounts are not located in Florida. Thus, the Court recommends that the writ of garnishment directed to FirstBank be dissolved.

Finally, in addition to asking that the writ of garnishment be dissolved, Defendant asks for an award of attorneys' fees and costs. DE 13 at 19. However, Defendant provides no argument with supporting authority to show why it should be awarded fees and costs. Due to Defendant's failure to develop its request for fees and costs, the Court recommends that the request be denied. *See Nat'l Lab. Rels. Bd. v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived."); *Atmos Nation, LLC v. BNB Enter., LLC*, No. 16-62083-CIV,

2017 WL 3763949, at *2 (S.D. Fla. Apr. 24, 2017) ("It is axiomatic that arguments not supported and properly developed are deemed waived.").

## IV. Conclusion

Accordingly, the Court recommends that Defendant Virgin Islands Water and Power Authority's Emergency Motion to Dissolve Writ of Garnishment on Defendant's Accounts Located in the Virgin Islands with FirstBank [DE 13] be **GRANTED IN PART AND DENIED IN PART**. The Court recommends that the Writ of Garnishment directed to FirstBank Puerto Rico [DE 11] be **DISSOLVED**. The Court further recommends that Defendant's request for an award of attorneys' fees and costs be **DENIED**.

Within fourteen days[2] after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 16th day of June, 2025.

---
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE

---

[2] The Undersigned leaves to Judge Dimitrouleas' judgment whether to shorten the objections period in this instance.